1  KINDRA DENEAU (State Bar No. 024156)
2  7135 East Camelback Rd., Suite 230
   Scottsdale, Arizona 85251
3  Telephone: (480) 306-5977
4  Facsimile: (602) 626-3504
   E-mail: kdeneau@lemberglaw.com
5

6  *Of Counsel to*
   Lemberg & Associates LLC
7  A Connecticut Law Firm
   1100 Summer Street
8  Stamford, CT 06905
9  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
10

11 Attorneys for Plaintiffs,
12 William & Cynthia Will

13             IN THE UNITED STATES DISTRICT COURT
14                 FOR THE DISTRICT OF ARIZONA
15

| William & Cynthia Will, | Case No.: |
|---|---|
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Nations Recovery Center, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiffs, William & Cynthia Will, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, William & Cynthia Will (hereafter "Plaintiffs"), are adult individuals residing in Goodyear, Arizona, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Nations Recovery Center, Inc. (hereafter "Nations"), is a company with an address of 6491 Peachtree Industrial Boulevard, Atlanta, Georgia 30360, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by Nations and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Nations at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

8. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Nations for collection, or Nations was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Nations Engages in Harassment and Abusive Tactics**

12.     Within the last year, Nations has placed as many as five (5) calls in a single day to Ms. Will's place of employment, Mr. Will's cellular telephone and Mr. and Ms. Will's residential telephone in an attempt to collect the Debt.

13.     Nations spoke with a receptionist during each phone call that it placed to Ms. Will's place of employment. The receptionist repeatedly told Nations that it would relay their call to Ms. Will. During one conversation, Nations told the receptionist, "I think you're really Cynthia [Plaintiff]! You owe us twelve thousand dollars!"

14.     Nations has stated to Mr. Will that it was "seeking to secure this [the Debt] through the civil system."  To date, no such action has been taken.

15.     Plaintiffs sent a letter to Nations requesting that it verify the Debt. To date, Nations has failed to respond to Plaintiff's written request, yet it has continued to place calls to Plaintiffs in an attempt to collect the Debt.

**C.     Plaintiffs Suffered Actual Damages**

16.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

4

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

19.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs owed a debt, in violation of 15 U.S.C. § 1692b(2).

21.     The Defendants contacted third parties in regards to the Plaintiffs' debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

22.     The Defendants communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

23.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

5

24. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

26. The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. Arizona further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendants violated Arizona state law.

32.     The Defendants intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with excessive phone calls and third party disclosures.

33.     The telephone calls made by Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

34.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35.     As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

36.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

7

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

E. Punitive damages;

F. For Plaintiffs' statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: December 19, 2011     LEMBERG & ASSOCIATES, LLC

By: _/s/  Kindra Deneau_
Kindra Deneau

Attorney for Plaintiffs
William & Cynthia Will

8